United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41416
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN CABRERA-NINO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-278-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Cabrera-Nino (Cabrera) pleaded guilty to Count 1 of
an indictment charging him with entering the United States
illegally following deportation.  Cabrera was sentenced to 46
months of imprisonment.  He gave timely notice of his appeal.

Cabrera challenges the constitutionality of 8 U.S.C.
§ 1326(b)'s treatment of prior felony and aggravated felony
convictions as sentencing factors rather than elements of the
offense that must be found by a jury in light of Apprendi v. New
Jersey, 530 U.S. 466 (2000).  The Government argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver provision in Cabrera's plea agreement precludes his attack on the constitutionality of § 1326(b) and that, as a result of the waiver, Cabrera lacks standing to challenge the constitutionality of § 1326(b).  We assume, arguendo only, that the waiver does not bar the instant appeal.

Cabrera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cabrera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Cabrera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.